# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tomas Garcia-Orihuela,<br><br>Plaintiff,<br><br>v.<br><br>Ricardo Muro, *in His Official Capacity*; Other Unknown Police Officers of the Minneapolis Police Department, *in Their Official Capacities*; Minneapolis Police Department; and City of Minneapolis,<br><br>Defendants. | Case No. 17-cv-00292-RHK-KMM<br><br>**ORDER AND REPORT<br>AND RECOMMENDATION** |

Rachel Petersen, Rachel Petersen Law Office, counsel for plaintiff

Ivan M. Ludmer / Sarah C. S. McLaren, Office of the Minneapolis City Attorney, counsel for defendants

## I. Order on Motion to Withdraw

On June 23, 2017, the Court ordered Rachel Peterson, counsel for Mr. Garcia-Orihuela, to file a motion to withdraw if she determined that she was required to withdraw from representing the plaintiff in this case. ECF No. 18. Ms. Petersen filed her motion to withdraw, explaining that Mr. Garcia-Orihuela had not communicated with her and had not adhered to the terms of the retainer agreement. ECF No. 19. Ms. Petersen showed that she provided notice of the motion to Mr. Garcia-Orihuela. *Id.*; *see also* ECF No. 20. The defendants do not object to Ms. Petersen's withdrawal. ECF No. 21. Mr. Garcia-Orihuela was provided sixty days to contact the Court to indicate whether he has any objection to the motion to withdraw, ECF No. 18 at 2 ¶ 3, but he has raised no objections.

1

The Court finds that Ms. Petersen has complied with Local Rule 83.7(c) and that withdrawal is appropriate. The motion to withdraw demonstrates that there is good cause for Ms. Petersen's withdrawal, as her client has failed to communicate with her during the litigation. *See Razor Capital, LLC v. HP Debt Exchange, LLC*, 2014 WL 12599804, at *8 (D. Minn. Aug. 15, 2014) ("This District has found good cause to exist where a client fails or refuses to communicate with counsel.") (collecting cases). The Court also finds that Ms. Petersen gave adequate notice of her motion to withdraw to Mr. Garcia-Orihuela. As a result, withdrawal is presumptively appropriate. *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549-50 (8th Cir. 2016).

A final consideration is whether there is any basis in the record to conclude that Ms. Petersen's withdrawal from representation would be severely prejudicial to Mr. Garcia-Orihuela or to the defendants.[1] *See id.* (discussing the prejudice inquiry where withdrawal is presumptively appropriate). Here, counsel's withdrawal necessitates dismissal of this case, because Mr. Garcia-Orihuela has not evidenced an ability or inclination to handle it pro se from Mexico. And that certainly operates as some prejudice to Mr. Garcia-Orihuela. However, because the Court recommends dismissal without prejudice, which will allow him to raise his claims in the future if he so decides, such prejudice is not so severe as to preclude counsel's withdrawal.

For these reasons, **IT IS HEREBY ORDERED** that Ms. Petersen's Motion to Withdraw, **ECF No. 19**, is **GRANTED**. However, Ms. Petersen is required to mail a copy of this Order and Report and Recommendation to Mr. Garcia-Orihuela.

## II.     Report and Recommendation

In the Court's June 23, 2017 Order instructing Mr. Petersen of the requirements for obtaining permission to withdraw without substitution of counsel, the Court also advised Mr. Garcia-Orihuela of his obligation to obtain representation or to continue in the litigation pro se. EFC No. 18 at 2 ¶ 3. In particular, the Court required Mr. Garcia-Orihuela to "state whether he intends to pursue the litigation if

---

[1]     There is no prejudice to the defendant by allowing Ms. Petersen to withdraw.

the Court grants Ms. Peteron's motion to withdraw." *Id.* Further, the Court advised Mr. Garcia-Orihuela that "if he fails to contact the Court as required by this Order, the Court will likely recommend that this matter be dismissed without prejudice for failure to prosecute." *Id.*

Mr. Garcia-Orihuela has not contacted the Court as instructed. Nor does the record reflect that he reached out to Ms. Petersen to inform her of his desire to continue this litigation. Because he has given no indication that he intends to pursue this case, in accordance with the admonition provided in its June 23, 2017 Order, the Court now recommends that this action be dismissed without prejudice for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) for failure to prosecute.

Date: September 5, 2017

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the

objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.